ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                    :
UNITED STATES OF AMERICA            :
                                    :
          - v. -                    :     **SUPERSEDING INFORMATION**
                                    :
SANG WOO,                           :     S1 16 Cr. 831 (ER)
     a/k/a "John Woo,"              :
                                    :
          Defendant.                :
                                    :
- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/17

<u>COUNT ONE</u>

(Conspiracy to Violate the Foreign Corrupt Practices Act)

The United States Attorney charges:

1.   From in or about March 2013 through in or about May 2015, in the Southern District of New York and elsewhere, SANG WOO, a/k/a "John Woo," the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate the Foreign Corrupt Practices Act ("FCPA"), Title 15, United States Code, Section 78dd-2.

2.   It was a part and object of the conspiracy that SANG WOO, a/k/a "John Woo," the defendant, and others known and unknown, being a domestic concern and an officer, director, employee, agent, and shareholder of a domestic concern, and aiding and abetting a domestic concern, would and did knowingly

and willfully make use of the mails and means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, and offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in that foreign official's official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such foreign official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use that foreign official's influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentalities, in order to assist WOO and his co-conspirators in obtaining and retaining business for and with, and directing business to, WOO and his co-conspirators.

### Overt Acts

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

2

a. On or about March 7, 2014, a co-conspirator not named as a defendant herein ("CC-1") placed a telephone call from Manhattan, New York, to a third-party intermediary (the "Intermediary") to discuss the payment of bribes to a foreign official ("Foreign Official-1") of a country in the Middle East ("Country-1") in order to induce Country-1's sovereign wealth fund (the "Fund") to acquire a building in Hanoi, Vietnam, known as "Landmark 72," which was owned by CC-1's client, Keangnam Enterprises Co., Ltd. ("Keangnam").

b. On or about April 16, 2014, SANG WOO, a/k/a "John Woo," the defendant, helped CC-1 obtain a $500,000 loan from a businessman in Manhattan (the "Businessman") for CC-1 to use as a bribe payment to Foreign Official-1 to induce Foreign Official-1 to influence the Fund to acquire Landmark 72.

(Title 18, United States Code, Section 371.)

## COUNT TWO

(Violation of the FCPA)

The United States Attorney further charges:

4. On or about April 16, 2014, in the Southern District of New York and elsewhere, SANG WOO, a/k/a "John Woo," the defendant, being a domestic concern and an officer, director, employee, agent, and shareholder of a domestic concern, and by aiding and abetting a domestic concern, knowingly and willfully used and caused to be used the mails and

means and instrumentalities of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offer, gift, promise to give, and authorization of the giving of anything of value to a foreign official and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (i) influencing acts and decisions of such foreign official in that foreign official's official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such foreign official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use that foreign official's influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentalities, in order to assist WOO and his co-conspirators in obtaining and retaining business for and with, and directing business to, WOO and his co-conspirators, to wit, WOO caused the issuance of a check by the Businessman in the amount of $500,000, which was intended to be used by CC-1 to bribe Foreign Official-1, and was deposited

4

into a bank account in Manhattan and cleared through a bank in Virginia.

>(Title 15, United States Code, Section 78dd-2; and
>Title 18, United States Code, Section 2)

## FORFEITURE ALLEGATION

5. As a result of committing one or more of the FCPA offenses alleged in Counts One and Two of this Information, SANG WOO, a/k/a "John Woo," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, which constitutes or is derived from proceeds traceable to such violations.

### Substitute Asset Provision

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*[signature]*
JOON H. KIM/pk
Acting United States Attorney
Southern District of New York

*[signature]*
ANDREW WEISSMANN/pk
Chief, Fraud Section
Criminal Division
U.S. Department of Justice

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

SANG WOO,
a/k/a "John Woo,"

Defendant.

**SUPERSEDING INFORMATION**

S1 16 Cr. 831 (ER)

(15 U.S.C. § 78dd-2
18 U.S.C. §§ 371 and 2.)

---
JOON H. KIM
Acting United States Attorney.

---
ANDREW WEISSMANN
Chief, Fraud Section
Criminal Division
U.S. Department of Justice.